IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

VAUGHN BAUMAN,

    Plaintiff,

v.

ASSET ACCEPTANCE, LLC, et al.,

    Defendants.

CIVIL ACTION
NO. 2:09-CV-0133-WCO

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 21 2010

JAMES N. HATTEN, Clerk
By: Don Stanhope, Deputy Clerk

## ORDER

The captioned case is before the court for consideration of plaintiff's "Motion to Compel Discovery Responses from Defendant Equifax Information Services, LLC" [60-1] and plaintiff's "Motion to Dismiss Trans Union LLC With Prejudice" [64-1].

### I.    Plaintiff's Motion to Compel Discovery Responses

Plaintiff's motion to compel, pursuant to Federal Rule of Civil Procedure 37, requests an order from the court requiring defendant Equifax Information Services, LLC ("Equifax") to respond to certain interrogatories and requests for the production of documents. Equifax has not filed a response to plaintiff's motion. Pursuant to the local rules of this court, a party's "[f]ailure to

file a response shall indicate that there is no opposition to the motion." L.R. 7.1(B), NDGa.

Rule 37 provides in relevant part that:

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

\*\*\*

(iii) a party fails to answer an interrogatory submitted under Rule 33; or
(iv) a party fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff served interrogatories under Rule 33 and requests for production of documents under Rule 34 on Equifax by sending them to K. Ann Broussard, counsel for Equifax, on February 5, 2010. (Pl.'s Mot. to Compel 1-2; *see also* Certificate of Service of Pl.'s Disc. Requests to Equifax.) Upon request of Cara L. Hergenroether, counsel for Equifax,[1] plaintiff's counsel agreed that Equifax could have until March 24, 2010, to serve its answers to plaintiff's discovery

---

[1] K. Ann Broussard entered her notice of appearance as counsel for Equifax on October 7, 2009. Then, on March 31, 2010, Cara L. Hergenroether filed her notice of appearance as counsel for Equifax. On May 7, 2010, Ms. Hergenroether filed a notice of substitution of counsel, clarifying that Ms. Broussard withdrew as counsel for Equifax and Ms. Hergenroether is current counsel.

requests. (Pl.'s Mot. to Compel 2.) Upon additional request of Ms. Hergenroether, plaintiff's counsel agreed to a further extension until March 31, 2010. Having received no discovery responses from Equifax, plaintiff's counsel sent an e-mail to Ms. Hergenroether on April 27, 2010, inquiring as to the status of those responses. Plaintiff's counsel received no response to the e-mail. (*Id.*) Plaintiff's counsel additionally left Ms. Hergenroether two telephone voice mail messages, to which he received no response. (*Id.*)

On May 7, 2010, plaintiff's counsel contacted K. Ann Broussard regarding the discovery responses and advised her that if a satisfactory response was not received, plaintiff would file a motion to compel. In response, "Ms. Broussard arranged for copies of certain documents to be sent in response to the request for production of documents." (*Id.*) Other than those copies, plaintiff has received no responses to his interrogatories or requests for production. (*Id.* at 2-3.)

Later on May 7, 2010, Ms. Hergenroether telephoned plaintiff's counsel and advised him that no discovery responses had been sent but that they would be sent by May 12, 2010. (*Id.* at 3.) However, on May 12, 2010, no certificate of discovery responses was filed with the court by Equifax, and plaintiff's counsel received no communication from counsel for Equifax. (*Id.*) On

May 13, 2010, plaintiff's counsel sent an additional e-mail to Ms. Hergenroether inquiring about the discovery responses. Plaintiff's counsel again received no response to his e-mail. (*Id.*)

The court finds that plaintiff has complied with all of the requirements of Rule 37(a)(1) and that plaintiff's unopposed motion to compel should be granted. In the motion to compel, plaintiff also requests an award of attorney's fees and costs associated with the motion, pursuant to Rule 37(a)(5)(A).[2] The court finds that plaintiff is entitled to reasonable attorney's fees and costs under Rule 37(a)(5)(A).

Having granted plaintiff's motion to compel, the court must require defendant Equifax or its counsel to pay plaintiff's reasonable costs in bringing the motion to compel, unless the court finds that defendant's delay was substantially

---

[2] Rule 37 states in relevant part:

If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
    (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
    (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
    (iii)    other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

justified or the award of expenses would be unjust. *See e.g., Frazier v. Wurth Indus. of N. Am., LLC*, No. 1:08-CV-1634-JOF, 2009 WL 1025308, slip op. at 2 (N.D. Ga. 2009) (Forrester, Senior J.). Rule 37(a)(5)(A) "creates a rebuttable presumption in favor" of awarding costs, which "can be overcome if the nonmoving party demonstrates that: '(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.'" *R.G. Darby Co., Inc. v. SRC Constr., Inc.*, No. 7:07-CV-183, 2008 WL 4491840, at *1 (M.D. Ga. Oct. 2, 2008) (unpublished decision) (citations omitted). Defendant Equifax has not responded in any way to plaintiff's motion to compel and thus has not rebutted the presumption. *Id.*; *see also Hall v. Gov't Employees Ins. Co.*, No. 5:07-CV-332, 2008 WL 2373808, at *2 (M.D. Ga. June 6, 2008) (unpublished decision). The court will award plaintiff's costs and attorney's fees against counsel for defendant Equifax.

Plaintiff has submitted no information or evidence as to the actual costs or attorney's fees incurred in preparing and filing the instant motion. Accordingly, the court will award an amount it determines to be reasonable. Plaintiff's motion to compel consisted of four pages of written material, accompanied by the

5

requisite certifications and an exhibit consisting of plaintiff's discovery requests. The court finds that $500.00 is a reasonable amount to compensate plaintiff for his expenses incurred in bringing the motion to compel.

## II.     Plaintiff's Motion to Dismiss

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 41(a)(2), to dismiss defendant Trans Union LLC from this action with prejudice. Rule 41 provides in relevant part that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). Defendant Trans Union LLC has not pleaded a counterclaim in this action and furthermore does not object to plaintiff's motion to dismiss.[3] Accordingly, the court will grant plaintiff's motion and dismiss defendant Trans Union LLC from this action with prejudice.

## III.     Conclusion

---

[3] Plaintiff's motion states that plaintiff's counsel "has provided counsel for Trans Union LLC with a copy of this [m]otion and that Trans Union supports the entry of the [o]rder requested." (Pl.'s Mot. to Dismiss 1.) Moreover, defendant Trans Union LLC has not filed a response to plaintiff's motion to dismiss within the time allowed. A party's "[f]ailure to file a response shall indicate that there is no opposition to the motion." L.R. 7.1(B), NDGa.

In accordance with the foregoing, plaintiff's "Motion to Compel Discovery Responses from Defendant Equifax Information Services, LLC" [60-1] is hereby **GRANTED**. Defendant Equifax Information Services, LLC is hereby **ORDERED** to comply with this order and respond to plaintiff's discovery requests within **twenty (20) days** of the date of this order.

Plaintiff's reasonable attorney's fees and costs in the amount of **$500.00** are hereby **AWARDED** against counsel for defendant Equifax. If either party has reason to object to this award, it may request reconsideration by filing such objection in writing within **ten (10) days** of the date of this order. Otherwise, counsel for defendant Equifax shall pay to plaintiff's counsel $500.00 within **fifteen (15) days** of the date of this order.

Additionally, plaintiff's "Motion to Dismiss Trans Union LLC With Prejudice" [64-1] is hereby **GRANTED**.

**IT IS SO ORDERED**, this 21st day of June, 2010.

_____
WILLIAM C. O'KELLEY
Senior United States District Judge